IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRINE JONES                                                                                                    PLAINTIFF

vs.                                         Civil No. 2:14-cv-02124

CAROLYN W. COLVIN                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Terrine Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

On June 10, 2011, Plaintiff protectively filed her disability applications. (Tr. 16, 146-158). In these applications, Plaintiff alleges being disabled due to a fused spine, bulging discs, and degenerative disc disease. (Tr. 189). Plaintiff alleges an onset date of March 1, 2011. (Tr. 16). Plaintiff's applications were denied initially and again upon reconsideration. (Tr. 146-158).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her applications. (Tr. 87-88). This hearing request was granted, and an administrative hearing was held on September 26, 2012 in Fort Smith, Arkansas. (Tr. 34-60). At this hearing, Plaintiff was present and was represented by John Duty. *Id.* Plaintiff and Vocational Expert ("VE") Floyd John Massey testified at this hearing. *Id.*

On January 18, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for disability benefits. (Tr. 13-28). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2016. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2011, her alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease, scoliosis, Harrington rod T2-L2, bulging discs, anxiety, and depression. (Tr. 18-20, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20-22, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-28). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently climb ramps and stairs but can only occasionally climb ladders, ropes, and scaffolds; the claimant can frequently balance, occasionally stoop, kneel, crouch, and crawl; the claimant is able to perform work where interpersonal contact is incidental to the work performed, where the complexity of tasks is learned and performed by rote with view [few] variables, where little judgment is required; and where the supervision required is

      simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28, Finding 6). Considering her RFC and "the physical and mental demands" of her PRW, the ALJ determined Plaintiff retained the capacity to perform her PRW as a production worker (riveting machine operator), packaging machine operator, and production worker (furniture). *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 1, 2011 through the date of his decision or through June 18, 2013.[2] (Tr. 28, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council. The Appeals Council denied Plaintiff's request for review. (Tr. 1-4). On May 28, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 25, 2014. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

---

[2] Although he did not make specific findings as to Plaintiff's age and education in his decision, the ALJ noted Plaintiff was fifty (50) years old. (Tr. 22). Such a person is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d)(2008). Further, as for her education, the ALJ also noted Plaintiff "quit school in the 10th grade, but later obtained a GED." (Tr. 22).

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3.   Discussion:

In her appeal brief, Plaintiff raises four arguments: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred in his credibility determination; (C) the ALJ erred in assessing her RFC; and (D) the ALJ erred in his Step Four Analysis. ECF No. 10. In response, Defendant argues the ALJ properly developed the record, properly considered her credibility, properly assessed her RFC, and properly found she retained the capacity to perform her PRW. ECF No. 11.  The Court will consider each of these arguments for reversal.

#### A.   Record Development

Plaintiff claims the ALJ erred in developing the record in her case. ECF No. 10 at 9-11. As Plaintiff states, "we believe that the ALJ should have sought further clarification regarding the severity of her impairments from treating physicians and the health care professionals. . . ." *Id.* In response to this argument, Defendant claims the ALJ fully complied with his obligation to develop the record. ECF No. 11 at 5-6. Defendant also argues no remand is necessary. *Id.*

Upon review of Plaintiff's claim and Defendant's response, the Court agrees the record in

this case was properly developed and no remand is necessary. Notably, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case is over five hundred pages long. This transcript includes Plaintiff's treatment records and two consultative examination reports (one mental and one physical). (Tr. 286-296). Based upon this information, the Court finds this is a "reasonably complete record."

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no showing of prejudice or unfair treatment. ECF No. 10 at 9-11. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

### B.   Credibility Determination

Plaintiff claims the ALJ's credibility determination is not sufficient. ECF No. 10 at 11-15. Specifically, Plaintiff claims the ALJ did not give "any solid, substantiated reasons for discrediting Plaintiff's testimony." *Id.* Thus, Plaintiff claims her case must be reversed and remanded. *Id.* In response, Defendant argues the ALJ's credibility determination was reasonable and was within the ALJ's discretion. ECF No. 11 at 6-9. Defendant argues the ALJ's credibility determination should be affirmed. *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other

6

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*

---

symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

in evaluating Plaintiff's credibility. (Tr. 13-28). In his opinion, the ALJ noted Plaintiff is able to perform a number of daily activities, including feeding and dressing herself, attend to her personal hygiene without assistance, fold laundry and wash dishes, prepare meals, care for a family pet, and care for her teenage daughter. (Tr. 20). The ALJ noted Plaintiff received unemployment benefits in which she apparently indicated she "could immediately resume work if suitable employment was identified." (Tr. 26). The ALJ noted Plaintiff has a "criminal record for offenses involving dishonesty," including forgery, writing "hot checks," and endangering the welfare of a minor. *Id.* The ALJ noted Plaintiff has a "long history of drug use," including marijuana, speed, Valium, cocaine, and other drugs. (Tr. 27).

Based upon this information, the Court finds the ALJ supplied "good reasons" for his credibility determination. Because these are "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

### C. RFC Assessment

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 10 at 15-19. With this argument, Plaintiff actually makes four separate claims: (1) the ALJ erred by disregarding the opinions of Dr. Robert Spray, Jr., Ph.D. PA; (2) the ALJ erred by disregarding the findings of Dr. John C. Lane, M.D.; (3) the ALJ erred in evaluating her medical records wherein she complains of suffering from disabling pain; and (4) the ALJ erred by disregarding her two low Global Assessment of Functioning ("GAF") scores. *Id.* The Court will address each of these issues.

First, Plaintiff claims the ALJ erred by disregarding the findings of consultative examiner Dr.

Spray. On January 13, 2012, Dr. Spray evaluated Plaintiff as a part of a Mental Diagnostic Evaluation. (Tr. 286-290). Dr. Spray also conducted a second examination on September 24, 2012. (Tr. 447-450). In both reports, Dr. Spray found Plaintiff suffered from a number impairments, including major depression (recurrent), polysubstance abuse (which he states in his second report is "reportedly in sustained remission"), and pain disorder. (Tr. 286-290, 447-450). In his opinion, the ALJ considered Dr. Spray's findings but discounted them for the following reason:

> Less weight is afforded the opinions of Dr. Spray, especially the opinions expressed in the Medical Source Statement he completed, as the undersigned finds that his opinions are inconsistent with other evidence in the record. . . . the undersigned takes notice that Dr. Spray acknowledged that the claimant exhibited a "mildly dramatic" presentation and that she evidenced a preoccupation with pain symptoms. The undersigned finds that the claimant's presentation may have swayed Dr. Spray's opinions somewhat. . . .

(Tr. 27). In her briefing, Plaintiff has not demonstrated–and does not even argue–that the reason the ALJ provided for discounting Dr. Spray's opinions was improper. Indeed, Dr. Spray was merely a consulting physician, and his opinions are not entitled to controlling weight. *See* 20 C.F.R. § 416.927(c) (2012). Thus, the Court finds no basis for reversal on this issue.

Second, Plaintiff claims the ALJ erred by discounting the opinions of her treating physician, Dr. John Lane, M.D. (Tr. 483-509). Plaintiff argues the ALJ did not supply "good reasons" for discounting Dr. Lane's findings. ECF No. 10 at 16. Specifically, as Plaintiff states, "[i]t is contended that the ALJ failed to give adequate reasons for his dismissal of the treating Physician's Medical Source Statement." ECF No. 10 at 17. In his opinion, the ALJ provided the following reasons for discounting Dr. Lane's findings:

> Less weight is afforded the opinions of Dr. John Lane as the assessment in the record was conducted by a physical therapist, and merely co-signed by Dr. Lane. . . . Further, the undersigned takes notice that the examination performed by the physical therapist

9

> is inconsistent with other evidence of record. As an example, the physical therapist noted that the claimant exhibited an antalgic gait that was "slow and labored" and apparently recommended that the claimant use an assistive device for ambulation. However, the claimant was noted to exhibit a normal gait during examinations performed in January and February of 2012. . . .

(Tr. 27). Plaintiff does not argue that any of these specific stated reasons do not qualify "good reasons." ECF No. 10 at 15-19. Upon review, the Court finds these do qualify as "good reasons," and Plaintiff has not provided a basis for reversal on this issue.

Third, Plaintiff claims the ALJ erred in considering the medical records which support her subjective complaints of disabling pain. ECF No. 10 at 18. Upon review, Plaintiff references medical records from October 30, 2009 (Tr. 248-249), October 24, 2011 (Tr. 255), and February 1, 2012 (Tr. 382). Of these three records, only the last two are dated after Plaintiff's alleged onset date of March 1, 2011. Further, the record from October 24, 2011 merely states the symptoms Plaintiff reported to her doctor and does not include an actual diagnosis. (Tr. 255). Likewise, the record from February 1, 2012 states Plaintiff's reported symptoms and not an actual diagnosis. (Tr. 383). Thus, the Court finds none of these medical records demonstrate Plaintiff's suffers from disabling pain.

Fourth, Plaintiff claims the ALJ erred in considering her low GAF scores. ECF No. 10 at 18-19. In her briefing, Plaintiff references one GAF score of 47 and one GAF score of 30-35. *Id.* In his opinion, the ALJ did consider Plaintiff's GAF score of 30-35. (Tr. 27). However, upon careful review of that score, the ALJ discounted it because there was "no clear basis for the low GAF" and the "report reveals that the claimant's cognitive function was intact and that the claimant was able to advance 7 and reverse 6 digits with no errors on the serial 3's examination." (Tr. 27). Further, as to her second low GAF score of 47, the Court notes it was assigned by "Licensed Associate Counselor" who does not qualify as an "acceptable medical source" for determining a disability. *See*

20 C.F.R. § 404.1513(a) (2013).  Thus, that score is not persuasive.

Finally, even if these two scores are accurate, these two single scores do not demonstrate Plaintiff has any greater limitations than those found by the ALJ.  *See Jones v. Astrue,* 619 F.3d 963, 974 (8th Cir. 2010) (affirming the ALJ's mental RFC evaluation where the claimant did not present "'GAF score history'").

    **D.**    **Step Four Determination**

Plaintiff claims the ALJ erred in finding she retains the capacity to perform her PRW.  ECF No. 10 at 19-20.  Specifically, Plaintiff claims the ALJ erred by "providing no specific findings or analysis regarding the mental demands of . . . [her] . . . past work as required by SSR 82-62."  *Id.* In the present action, however, the ALJ elicited testimony from the VE who compared Plaintiff's RFC with the functional demands of her PRW.  (Tr. 54-60).  This was entirely proper.  *See Yates v. Astrue,* 347 Fed. App'x 269, 271 (8th Cir. 2009) (affirming the ALJ's reliance on the VE's testimony at Step Four of the Analysis and allowing the VE to compare the requirements of the claimant's PRW with the claimant's current RFC).  Thus, the Court finds no basis for reversal on this issue.

**4.**    **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of April 2015.**

    /s/   Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE